The Honorable John H. Chun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RECEIVERSHIP ESTATE OF SOLSTICE GROUP, INC. AND SOLSTICE HOLDINGS, INC. C/O TURNING POINTE, LLC, RECEIVER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 2:24-cv-01522-JHC<br><br>**MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, PARTIAL MOTION TO DISMISS CERTAIN TAX PERIODS AND REQUEST FOR DAMAGES**<br><br>**Note on Motions Calendar:**<br>**February 21, 2025** |

## INTRODUCTION

Plaintiff, the court-appointed receiver of Solstice Group, Inc. ("Taxpayer") and Solstice Holdings, Inc.[1], both Washington state corporations, brings this suit seeking a refund of federal employment taxes for six tax periods in 2020 and 2021 for Taxpayer, based on a claim of entitlement to the Employee Retention Credit ("ERC") under section 2301 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and 26 U.S.C. § 3134. Plaintiff's complaint seeks both refunds and "damages." But both types of claims must be dismissed.

Initially, the Court should dismiss Plaintiff's claim for refund as it relates to the second and third quarters of 2020 for lack of jurisdiction. Under 26 U.S.C. § 7422(a), a federal court is

---

[1] Although Solstice Holdings, Inc. is listed as a plaintiff, we have no indication from our records or the complaint that it has any claim separate from Solstice Group, Inc. Therefore, we will focus on Solstice Group, Inc. as the "taxpayer" throughout this brief.

| Motion to Dismiss<br>(Case No. 2:24-cv-01522-JHC) | 1 | **U.S. DEPARTMENT OF JUSTICE**<br>Tax Division, Western Region<br>P.O. Box 683<br>Washington, D.C. 20044<br>Telephone: 202-353-2466 |
|---|---|---|

stripped of jurisdiction to entertain a tax refund claim when a taxpayer has not filed a proper refund claim with the IRS *before* suing in federal court. And a proper refund claim must be filed for each tax period and liability for which a refund is requested. Plaintiff admits that it did not comply with this requirement because it did not file separate refund claims for the second and third quarters of 2020. Instead, it admits that it filed a refund claim for the fourth quarter of 2020 and just included the refund amounts it seeks for the second and third quarters of 2020 within that claim. This is not sufficient to satisfy the jurisdictional prerequisites to seek refunds for the second and third quarters of 2020.

However, to the extent it has jurisdiction over any part of the refund claims, the Court should dismiss the refund claims in full for failure to state a legally cognizable claim. Although taxpayer corporations are generally entitled to the ERC for certain tax periods if they meet certain requirements, Congress has specifically disallowed any tax credit, such as the ERC, for any amount paid or incurred in carrying on any trade or business trafficking in controlled substances which are prohibited by Federal law. One such prohibited controlled substance is marijuana. Because Taxpayer was a producer and processor of cannabis and cannabis-related products sold in retail stores, identifying its business as a cannabis nursery, it is not entitled to the ERC. Therefore, the complaint should be dismissed.

Plaintiff also alleges that it has been "damaged" by the IRS's alleged refusal to "timely process" its claims for refund seeking the ERCs it demands and seeks an award of damages for hypothetical penalties and interest accruals after the time it filed its claims for refund to the extent those penalties and interest would not have been imposed if its claim for ERCs had been "timely approved and processed." Construing this request as one for damages under 26 U.S.C. §§ 7432 or 7433, it should be dismissed for several reasons. First, section 7432 only covers failures to release liens and section 7433 only covers instances involving the collection of taxes: not the assessment of taxes or issuing refunds of taxes. And second, Plaintiff has not alleged compliance with the jurisdictional prerequisite of first filing an administrative claim with the IRS seeking damages before bringing suit.

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

**FACTUAL BACKGROUND**

The following facts are drawn from the complaint and attachments to the complaint.

### I.  Taxpayer Was in the Marijuana Business

Taxpayer was founded in 2011 and was headquartered in Seattle, Washington. (Dkt. #1, at ¶ 10). It "produced and processed cannabis and cannabis-related products and sold its cannabis products primarily through retail stores." (*Id*.). Its "activities included propagation, cultivation, harvest, dry, cure, and packaging." (*Id*.). Its "products included flower in different unit sizes (cannabis as most people are familiar), pre-roll joints, hydrocarbon extraction, and vape." (*Id*.). Its "facility and garden were located in Seattle" (*id*. at ¶ 11) and it grew its products in its indoor garden (*id*. at ¶ 13).

### II.  Taxpayer's Claims for Refund Filed With the IRS

Taxpayer filed original Form 941 federal employment tax returns with the IRS that did not claim the ERC. (*Id*. at ¶ 20 and Exhibits 1-6).[2] Plaintiff alleges that Taxpayer later filed Amended Forms 941, or Forms 941-X, to claim the ERC. (*Id*. at ¶ 21). Specifically, Plaintiff alleges that Taxpayer filed a Form 941-X to obtain a refund for the fourth quarter of 2020 (with the amount of the ERC claimed included the ERCs for the second and third quarters of 2020) on February 28, 2023, and attached a copy of the Form 941-X as Exhibit 7. (*Id*. at ¶¶ 20-21 and Exhibit 7). Thus, Plaintiff admits that neither it nor Taxpayer filed Forms 941-X for the second and third quarters of 2020.

Plaintiff further alleges that Taxpayer filed a Form 941-X to obtain a refund for the first quarter of 2021 on February 28, 2023, for the second quarter of 2021 on June 12, 2023, and for the third quarter of 2021 on June 12, 2023, and attached copies of the Forms 941-X for these tax

---

[2] Plaintiff incorrectly identifies the filing date for the Forms 941 in paragraph 20 of the complaint by using the "Process Date" on each of the transcripts attached as Exhibits 1-6 to the complaint. The "Process Date" is the date when the IRS processed the filed returns and does not reflect the actual date those returns were filed with the IRS. Although those filing dates are immaterial to this motion, the United States notes the inaccuracy so that there is no confusion should the Court deny this motion and the case proceeds.

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

periods as Exhibits 8-10. (*Id*. at ¶¶ 20-21 and Exhibits 8-10).[3] The only stated basis for a refund in each of the Forms 941-X is that the Taxpayer determined that it is eligible for the ERC and is filing the Forms 941-X to claim the credit and refund. (Dkt. #1, Exhibits 7-10). The only relief requested in the Forms 941-X is the amount of the ERCs. (*Id*.).

## LEGAL STANDARD

A court should dismiss a case under Rule 12(b)(1) if the plaintiff fails to show that the district court has jurisdiction over the case. *See* Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Rule 12(b)(1) for lack of jurisdiction may be based either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"); *Thornhill Publishing co. v. General Tel. & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979) (facial attack); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992) (challenge based on extrinsic evidence). Whatever the nature of the challenge, the plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction to hear the action. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

There is an important difference between Rule 12(b)(1) motions attacking the complaint on its face and those that rely on extrinsic evidence. In ruling on the former, the court accepts the allegations of the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In deciding the latter, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Also, "[t]he court need not presume the truthfulness of the plaintiff's allegations" *Id*. (citing *White*, 227 F.3d at 1242).

---

[3] The Forms 941-X attached as Exhibits 9-10 to the complaint are unsigned. However, the IRS has recently located copies of the signed Forms 941-X for those two periods that were filed with the IRS. The content therein appears to align with the content in the unsigned versions attached to the complaint.

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

1     And a court should also dismiss a case under Rule 12(b)(6) if the plaintiff fails to allege facts on the face of a complaint that would plausibly meet the elements of a cause of action. *See* Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss made pursuant to Rule 12(b)(6), the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Klarfield v. United States*, 944 F.2d 583, 585 (9th Cir. 1991), *reh'g en banc denied*, 962 F.2d 866 (9th Cir. 1992). Only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief" is dismissal under Fed. R. Civ. P. 12(b)(6) proper. *Id.* (*quoting Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987)).

## ARGUMENT

**I.    The Court Should Dismiss Plaintiff's Refund Claims in Full.**

    **A.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Refund Claim for the Second and Third Quarters of 2020**

    The Court must dismiss the portion of Plaintiff's refund claim pertaining to the second and third quarters of 2020 for lack of subject matter jurisdiction because Plaintiff failed to file a claim for refund for those periods.

    In a suit against the United States, the plaintiff must establish federal jurisdiction by showing (1) statutory authority vesting the district court with jurisdiction, and (2) waiver of sovereign immunity. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Under the doctrine of sovereign immunity, the United States and its officers are immune from suit unless Congress has waived immunity from suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Waivers of sovereign immunity "cannot be implied, but must be unequivocally expressed," and are strictly construed in favor of the sovereign. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). Congress has waived the United States' sovereign immunity for tax refund suits under 28 U.S.C. § 1346(a)(1). But section 1346(a)(1) must be read in conformity with other jurisdictional requirements for the waiver of sovereign immunity to apply. *See United States v.*

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

*Dalm*, 494 U.S. 596, 601 (1990); *Austin v. IRS*, No. 21-CV-02637-HSG, 2022 WL 395318, at *2 (N.D. Cal. Feb. 9, 2022).

The Ninth Circuit has held that "[i]f a person neglects to file an administrative claim as required by [26 U.S.C.] § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and…the district court is necessarily divested of jurisdiction over the action." *Dunn & Black, P.S.*, 492 F.3d at 1089. Before filing a refund suit in district court, a taxpayer must have first "duly filed" a "claim for refund" with the IRS "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). In pertinent part, the Treasury regulations require that a duly filed refund claim with the IRS must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof" and that this statement "be verified by a written declaration that it is made under the penalties of perjury." 26 C.F.R. § 301.6402-2(b)-(c). And most importantly, in the case of employment taxes under the Federal Insurance Contributions Act ("FICA"), "a separate claim must be made for each return for each taxable period." 26 C.F.R. § 301.6402-2(d).

In this case, Plaintiff has not only failed to allege on the face of his complaint that he filed a proper refund claim with the IRS for the second and third quarters of 2020, but he admits that he did not do so. Here, the refund Plaintiff seeks pertains to employment taxes under FICA as alleged in paragraphs 5-7 of the complaint and as evidenced by the filing of Forms 941-X as the refund claims. Plaintiff admits that he did not file with the IRS a separate refund claim, or Form 941-X, for the second and third quarters of 2020 and instead just included the amounts it seeks for those two periods into the Form 941-X for the fourth quarter of 2020. (Dkt. #1 at ¶¶ 21, 26). That admission is fatal to Plaintiff's claim with respect to those two periods because Plaintiff admits it cannot establish a refund claim was "duly filed" for those periods. *See* 26 C.F.R. § 301.6402-2(d); *see also Clift v. United States Internal Revenue Serv.*, 214 F. Supp. 3d 1009, 1014 (W.D. Wash. 2016) (noting that plaintiff bears the burden of showing that refund jurisdiction exists, which requires administrative claims for refund for each separate tax period at

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

issue in accordance with the regulations). Thus, the Court lacks jurisdiction to consider them. *See Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985). Accordingly, the Court should dismiss Plaintiff's claim for refund regarding the second and third quarters of 2020 under Rule 12(b)(1).

### B. Congress has exempted Taxpayer From Entitlement to Any Tax Credits and Thus the Complaint Fails to State a Legally Cognizable Claim

The complaint includes one claim seeking refunds that cover six tax periods, but the entire claim is based on Plaintiff's argument that Taxpayer is entitled to ERCs for the six tax periods. Indeed, Plaintiff's administrative claims cited ERCs as the sole justification for the refunds it seeks. Because Congress has excluded taxpayers who traffic in controlled substances such as marijuana, like Taxpayer, from receiving tax credits, Plaintiff is not entitled to the ERCs it claims and its complaint therefore fails to state a legally cognizable claim.

It is indisputable that the ERC is a tax credit. *See* Section 2301 of the CARES Act, Pub. L. No. 116-136, 134 Stat. 347, § 2301(a) ("In the case of an eligible employer, there shall be allowed as a credit against applicable employment taxes . . . .). Tax credits are a matter of legislative grace and should only be allowed when there is a clear provision providing for them. *See Hokanson v. Comm'r*, 730 F.2d 1245, 1250 (9th Cir. 1984); *see also Little Sand Coal Co. v. Comm'r*, 62 F.4th 287, 301 (7th Cir. 2023); *United States v. McFerrin*, 570 F.3d 672, 675 (5th Cir. 2009) ("Tax credits are a matter of legislative grace, are only allowed as clearly provided for by statute, and are narrowly construed.). "In this case, as with all claimed tax credits, the taxpayer bears the burden of showing entitlement to the credit." *Little Sand Coal Co.*, 62 F.4th at 301 (quoting *United Stationers, Inc. v. United States*, 163 F.3d 440, 443 (7th Cir. 1998) (citing *Interstate Transit Lines v. Comm'r*, 319 U.S. 590, 593 (1943)). Thus, Plaintiff bears the burden of showing that it is entitled to the ERCs, something which it legally cannot do.

Although there is no restriction in section 3134 itself or the CARES Act excluding Taxpayer from trying to qualify for entitlement to the ERC, 26 U.S.C. § 280E does set forth a restriction. That section provides:

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted.

By the plain language of section 280E, the ERC is not available to a taxpayer whose trade or business consists of trafficking in a controlled substance within the meaning of the Controlled Substances Act. Marijuana is a Schedule I controlled substance within the meaning of the Controlled Substances Act. *See Olive v. Comm'r*, 792 F.3d 1146, 1148 (9th Cir. 2015) (citing 21 U.S.C. § 812(c)).[4]

Here, Taxpayer's business during the tax periods at issue involved (1) producing and processing cannabis and cannabis-related products and selling those cannabis products primarily through retail stores; (2) propagation, cultivation, harvest, dry, cure, and packaging cannabis; and (3) creating and selling products such as "flower in different unit sizes (cannabis as most people are familiar), pre-roll joints, hydrocarbon extraction, and vape." (Dkt. #1 at ¶ 10). These activities all involve the trafficking of a controlled substance (i.e. cannabis or marijuana) because they involve engaging in commercial activities such as buying or selling the controlled substance regularly. *See Alpenglow Botanicals, LLC v. United States*, No. 16-CV-00258-RM-CBS, 2016 WL 7856477, at *3 (D. Colo. Dec. 1, 2016), *aff'd*, 894 F.3d 1187 (10th Cir. 2018) (citing *Californians Helping to Alleviate Med. Problems v. C.I.R.*, 128 T.C. 173, 182 (T.C. 2007)). Accordingly, Plaintiff is not allowed to recover the ERCs it seeks for Taxpayer because section

---

[4] The Ninth Circuit has also held that cannabis plants that contain lower THC concentrations are "marijuana" within the meaning of the Controlled Substances Act. *See Hemp Indus. Ass'n v. Drug Enforcement Admin.*, 333 F.3d 1082, 1085 n.2 (9th Cir. 2003). The Ninth Circuit also held in the context of sentencing that cannabis plants are "marijuana" regardless of their THC levels. *See United States v. Traynor*, 990 F.2d 1153, 1160 (9th Cir. 1993*), overruled on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir. 2001). Thus, although commonly understood as the same, it is immaterial whether the trade or business was trafficking in cannabis or marijuana: both are considered controlled substances within the meaning of the Controlled Substances Act.

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

280E prohibits Taxpayer from receiving any credits due to the nature of its trade or business trafficking in a controlled substance.

Even though the plain language of section 280E makes clear that Taxpayer here is not entitled to the ERCs Plaintiff seeks, the Ninth Circuit has stated that "[w]here the language of the statute plainly denies the credit, the credit may be allowed only if the legislative history contains 'clear contrary evidence of legislative intent.'" *Hokanson*, 730 F.2d at 1250 (citing *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458 (1974)). There is no "clear contrary evidence of legislative intent" here. Instead, the legislative history of section 280E establishes the opposite: that Congress identified a public policy reason for not allowing tax deductions or credits for businesses engaging in illegal drug trafficking. *See* S. Rpt. 97-494 (Vol. 1), at 309 (1982), reprinted in 1982 U.S.C.C.A.N. 781, 1050 (1982); *see also Californians Helping to Alleviate Med. Problems*, 128 T.C. at 181-82. Congress explained that:

> [t]here is a sharply defined public policy against drug dealing. To allow drug dealers the benefit of business expense deductions at the same time that the U.S. and its citizens are losing billions of dollars per year to such persons is not compelled by the fact that such deductions are allowed to other, legal, enterprises. Such deductions must be disallowed on public policy grounds.

S. Rpt. 97-494 (Vol. 1), at 309 (1982), reprinted in 1982 U.S.C.C.A.N. 781, 1050 (1982). Thus, Congress clearly did not intend for businesses engaged in trafficking in a controlled substance, like Taxpayer, to receive a tax credit such as the ERC. And it would be even more contrary to legislative intent to allow Taxpayer to claim the ERC because the ERC is a refundable credit. That means that if the ERC to which Taxpayer might otherwise be entitled is larger than the employment tax Taxpayer owed, it is possible that Taxpayer would not only owe no such employment tax, but it could actually receive money from the government in excess of any employment tax it owed. That would in effect be the government subsidizing a business engaged in the trafficking of a controlled substance which is diametrically opposed to what the legislative history of section 280E contemplated.

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

Additionally, Congress is presumed to know existing law pertinent to any new law it enacts. *See United States v. Merrell*, 37 F.4th 571, 576 (9th Cir. 2022) (citing *United States v. LeCoe,* 936 F.2d 398, 403 (9th Cir. 1991)). Thus, if Congress wanted taxpayers such as Taxpayer to be able to claim the ERC when it enacted the CARES Act and subsequent legislation, it could have expressly said that section 280E does not apply. The fact that it did not do so is telling.

Because Taxpayer is not entitled to the ERCs that form the basis of Plaintiff's complaint, the Court should dismiss the complaint for failing to state a cognizable legal claim under Rule 12(b)(6).

### II. Any Request for "Damages" Should Also Be Dismissed

The complaint identifies only one cause of action: a refund for six tax periods based on Plaintiff's argument that Taxpayer is entitled to the ERC for each period. (Dkt. #1 at ¶¶ 24-31). However, Plaintiff alleges it has been "damaged" by the IRS's actions (Dkt. #1 at ¶ 33) and includes a request in its prayer for relief that it be awarded "damages" (Dkt. #1 at 10, paragraph (g)).[5] A taxpayer can bring a claim against the IRS for damages under 26 U.S.C. §§ 7432 or 7433 but Plaintiff has not alleged any claim under either provision. Even if the Court were to construe Plaintiff's references to "damages" as a claim for damages under section 7432/7433, it should nevertheless dismiss any such claim for several reasons.

Under section 7433(a), a taxpayer can sue the United States regarding federal tax collection if the IRS recklessly, intentionally, or by reason of negligence, disregards any provision or regulation promulgated under Title 26. And under section 7432(a), a taxpayer can sue the United States if the IRS knowingly, or by reason of negligence, fails to release a lien under 26 U.S.C. § 6325 on property of the taxpayer. However, a taxpayer must first exhaust all

---

[5] Plaintiff requests as damages "any interest, penalties and fees wrongly accruing after the claims for refund were filed to the extent the interest and penalties would not have been imposed if the ERC credits had been timely approved and processed." (Dkt. #1 at 10, paragraph (g)). Beyond the fact that these items are speculative and hypothetical at this point, if Plaintiff contends that these are not part of its "damages" claim but instead are part of its refund claims, then the Court would lack jurisdiction over them because Plaintiff has not included them in its refund claims. *See* 26 C.F.R. § 301.6402-2(b); *see also Mobil Corp. v. United States*, 52 Fed. Cl. 327 (2002).

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-353-2466

administrative remedies by filing an administrative claim with the IRS. *See* 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(d); 26 U.S.C. § 7432(d)(1); 26 C.F.R. § 301.7432-1(e). If the claim is denied or if six months pass after the filing of a section 7433 administrative claim, or 30 days pass after the filing of a section 7432 administrative claim, and the IRS has not rendered a decision on the claim, the taxpayer may then file suit. *See* 26 C.F.R. § 301.7433-1(d)(1); 26 C.F.R. § 301.7432-1(e). In the Ninth Circuit, failure to exhaust administrative remedies before filing a claim for damages in federal court is jurisdictional.[6] *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993).

Initially here, there is a question whether the IRS's actions that Plaintiff alleged has damaged it would be covered by either section 7432 or section 7433. Section 7432 only covers situations where the IRS fails to release a lien, so Plaintiff's allegations clearly do not fall within section 7432. And section 7433 only covers IRS actions in collecting a federal tax. *See* 26 U.S.C. § 7433(a). Plaintiff's allegation that refusing to "timely process the Forms 941-X" (Dkt. #1 at ¶ 33) would not be considered an attempt to collect any federal tax since it pertains to the IRS's processing of requested refunds and not the IRS trying to collect any taxes. As the Ninth Circuit has held, 26 U.S.C. § 7433 is limited to attacks on "unlawful *collection* practices, not the validity or merits of an assessment." *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995) (emphasis in original). Because Plaintiff's claims go to the merits of the employment tax assessments, they thus would not fall within section 7433 either.

Even if the alleged IRS actions about which Plaintiff complains could be construed as covered by either section 7432 or section 7433, Plaintiff does not allege that it pursued or exhausted any administrative remedies for a claim for damages, nor does it allege that it filed any

---

[6] While some courts take the position that failure to exhaust administrative remedies for damages claims under section 7433 is not jurisdictional, the Ninth Circuit has continued to follow its decision in *Conforte* and still holds it is jurisdictional. *See, e.g. Joseph v. United States*, 517 Fed. App'x 543 (9th Cir. 2013); *Manat v. United States*, 498 Fed. App'x 752 (9th Cir. 2012); *see also Clark v. United States*, 462 Fed. App'x 719, 721 n.1 (9th Cir. 2011) (even if technically not jurisdictional, dismissal for failure to exhaust was proper).

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

administrative claim with the IRS. As such, Plaintiff has not established that the United States waived its sovereign immunity for any claim for damages and any such claim should be dismissed pursuant to Rule 12(b)(1).

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's refund and damages claims in full. First, the Court should dismiss the portion of Plaintiff's singular Cause of Action for a refund pertaining to the second and third quarters of 2020 for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to file claims for refund with the IRS for those two periods.

Second, the Court should dismiss the remaining refund claims for failure to state a legally cognizable claim under Rule 12(b)(6) since 26 U.S.C. § 280E precludes Taxpayer from recovering the Employee Retention Credit.

Lastly, should the Court construe the complaint as including a claim for damages under 26 U.S.C. §§ 7432 or 7433, the Court should nevertheless dismiss any such claim for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to allege any potential claim that could fall within those statues and did not allege that it exhausted administrative remedies by filing an administrative claim with the IRS.

Dated: January 24, 2025            Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Jeremy N. Hendon*
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov

*Attorney for the United States of America*

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of January, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participant(s):

    Robert Boeshaar (boeshaar@boeshaarlaw.com)
    ROBERT V. BOESHAAR, ATTORNEY AT LAW, LL.M., PLLC

    *Attorney for Plaintiff*

    */s/ Jeremy N. Hendon*
    JEREMY N. HENDON
    Trial Attorney, Tax Division
    U.S. Department of Justice

Motion to Dismiss
(Case No. 2:24-cv-01522-JHC)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466