The Honorable John H. Chun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| RECEIVERSHIP ESTATE OF SOLSTICE GROUP, INC. AND SOLSTICE HOLDINGS, INC. C/O TURNING POINTE, LLC, RECEIVER<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | Case No. 2:24-cv-01522-JHC<br><br>**RESPONSE TO UNITED STATES' MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO DISMISS CERTAIN TAX PERIODS AND REQUEST FOR DAMAGES**<br><br>**Note on Motions Calendar:**<br>**February 21, 2025** |

## <u>RESPONSE TO MOTION TO DISMISS</u>

Plaintiff, as the court-appointed receiver of Solstice Group, Inc. (hereinafter "Taxpayer" or "Solstice") hereby submits this response to the Defendant United States' Motion to Dismiss Complaint or, in the Alternative, Partial Motion to Dismiss Certain Tax Periods and Request for Damages which it filed on January 24, 2025. Defendant seeks to dismiss Plaintiff's complaint

Response to United States Motion to Dismiss
Complaint, or, in the Alternative, Motion to
Dismiss Certain Tax Periods and Request for
Damages

1

Robert V. Boeshaar
Attorney at Law, LL.M., PLLC
2125 Western Avenue, Suite 330
Seattle, WA 98121
Telephone: (206) 623-0063

1  based on two jurisdictional arguments: 1) Defendant argues that the Court lacks jurisdiction to

2  entertain Plaintiff's refund claims for the second and third quarters of 2020 because Plaintiff did

3  not file separate refund claims for those periods; and 2) Defendant argues that Plaintiff is

4  categorically ineligible for the Employee Retention Credit ("ERC") under section 2301 of the

5  Coronovirus Aid, Relief, and Economic Security Act ("CARES Act") and 26 U.S.C. section

6  3134 because of its cannabis-related business activities pursuant to 26 U.S.C. section 280E.

7  Defendant also argues that Plaintiff's damages claims must be dismissed because 26 U.S.C.

8  sections 7432 and 7433 do not apply and because Plaintiff failed to exhaust administrative

9  remedies.

10

11  **I.  The Court Should Not Dismiss Plaintiff's Refund Claims in Full or in Part**

12  **Because They Are Allowable Under the Informal Refund Claim Doctrine.**

13         The Government argues that the Court should dismiss Plaintiff's Employee Retention

14  Credit refund claims for the second and third quarters of 2020 because it lacks subject matter

15  jurisdiction over them because separate refund claims were not filed for each quarter.  Plaintiff

16  admits that its refund claims for the second and third quarters of 2020 were combined with its

17  refund claim for the fourth quarter of 2020.  It is true that in general a separate refund claim must

18  be made for each return for each taxable period.  See Treas. Reg. § 301.6402-2(d).  Also, the

19  general rule is that employment taxes must be paid and a separate claim for refund filed for each

20  quarter for the court to have jurisdiction over a refund suit for each quarter.  Leeke v. United

21  States, 737 F. Supp. 1013 (S.D. Ohio. 1990).  However, there is an exception to the general rule.

22  According to the Informal Claim Doctrine, if the taxpayer submits a written notice to the IRS

23

**Response to United States Motion to Dismiss**
**Complaint, or,  in the Alternative, Motion to**
**Dismiss Certain Tax Periods and Request for**
**Damages**

2

**Robert V. Boeshaar**
**Attorney at Law, LL.M., PLLC**
2125 Western Avenue, Suite 330
Seattle, WA  98121
Telephone: (206) 623-0063

that provides sufficient detail about the claim, the IRS or a court may recognize it as a valid refund claim even if it does not follow the correct procedure.  See United States v. Kales, 314 U.S. 186 (1941).  An informal refund claim must (1) provide the IRS with notice that the taxpayer is claiming the right to a refund; (2) describe the legal and factual basis for the requested refund; and (3) have a "written component."  New England Elec. Sys. v. United States, 32 Fed. Cl. 636, 641 (1995).  It also must be made before the statute of limitations expires.  Id. Each case must be examined based on its own unique set of facts to determine if the claim qualifies as an informal claim for refund.  Id.

The Form 941-X filed by Solstice on February 28, 2023 meets these requirements.  See Exhibit 1, Solstice's Form 941-X for Q2, Q3 and Q4 2020.  It was in writing and clearly claimed Employee Retention Tax Credit Refunds for the second, third and fourth quarters of 2020.  It stated in Part 4 that Solstice had determined that they were eligible for the Employee Retention Credits and was "filing [the] 941-X to claim the credit and refund."  It was also filed before the statute of limitations for Employee Retention Tax Credit claims for tax year 2020, which expired on April 15, 2024.  See 26 U.S.C. section 6511(a) and (b).  Solstice's Form 941-X filed on February 28, 2023 meets the requirements for a valid informal refund claim.  New England Elec. Sys. v. United States, 32 Fed. Cl. 636, 641 (1995).


**II.  Internal Revenue Code section 280E does not Prohibit Plaintiff from receiving the Employee Retention Tax Credit under the CARES Act.**

The Employee Retention Credit was included in the CARES Act as a refundable tax credit for businesses and tax-exempt organizations that had employees and were affected during

Response to United States Motion to Dismiss
Complaint, or,  in the Alternative, Motion to
Dismiss Certain Tax Periods and Request for
Damages

3

Robert V. Boeshaar
Attorney at Law, LL.M., PLLC
2125 Western Avenue, Suite 330
Seattle, WA  98121
Telephone: (206) 623-0063

the COVID-19 pandemic.  Pursuant to Section 2301(c)(3)(A) of the CARES, the ERC applies to employment taxes.  The Government argues that the ERC is a credit, and that Solstice is barred from receiving the Employee Retention Credit under Internal Revenue Code section 280E because it is a cannabis business.  However, section 280E is part of Subtitle A of the Internal Revenue Code relating to Income Taxes.  The Employee Retention Tax Credit relates to employment taxes.  Subtitle C of the Internal Revenue Code governs Employment Taxes and Collection of Income Tax.  Therefore, section 280E does not apply to the Employee Retention Tax Credit.  The Tax Court has stated that the rules that "pertain to calculation of income tax liability under subtitle A . . . have no bearing on computation of Federal employment taxes." Veterinary Surgical Consultants, P.C. v. Commissioner, T.C. Memo 2003-48 *14.  In that case, the taxpayer was arguing that pursuant to Internal Revenue Code sections 1366, 1372 and 6037(c), S corporation shareholders should not be deemed to be employees, as income is passed through to them and reported by the shareholders on their personal tax returns.  Id.  However, the Tax Court held that the taxes on an employer, at issue in that case, were employment taxes imposed by Internal Revenue Code sections 3111 and 3301 of Subtitle C which impose taxes on employers under the Federal Insurance Contributions Act (FICA) (pertaining to Social Security) and the Federal Unemployment Tax Act (FUTA) (pertaining to unemployment), respectively, based on wages paid to employees.  Therefore, the subtitle A Code sections had no bearing on the employment taxes.  Id.

Furthermore, it is important to note that Solstice is in Receivership and as such the Receiver is seeking the funds to apply to the benefit of its creditors.  The funds are not being sought by Solstice Group, Inc. and Solstice Holdings, Inc. which was a cannabis business, but by

the Receivership Estate of Solstice Group, Inc. and Solstice Holdings, Inc., a state court-initiated

Receivership for the benefit of Solstice's creditors.


### III.  Plaintiff is Not Seeking "Damages" under U.S.C. section 7432 or 7433.

Plaintiff is not seeking "damages" in the traditional sense as argued by the Government.

However, any interest that has accrued on the refund up until the date the Internal Revenue

Service issues the Employee Retention Credit refunds should be credited to the Plaintiff.  The

Internal Revenue Code provides that interest shall be allowed and paid on any overpayment in

respect of any Internal Revenue tax at the overpayment rate established under section 6621.

26 U.S.C. § 6611.  Section 6611(b)(2) provides that interest shall be allowed and paid in the case

of a refund from the date of the overpayment to a date (determined by the Secretary) preceding

the date of the refund check by not more than 30 days.  When a taxpayer files an amended return,

such as Form 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund,

claiming COVID-19 credits that were not claimed on the originally filed return and resulting in

an overpayment, interest is allowed under section 6611 on any overpayment refunded to the

taxpayer.  26 U.S.C. § 6611.  The IRS will pay interest on the refund if it is delayed beyond 45

days from the date the return was due (if filed timely) or if the refund is delayed beyond 45 days

from the date the amended return or Form 941-X was filed, as is the case here.  26 U.S.C. §

6611(e).

Defendant cites Mobil Corp. v. United States, 52 Fed. Cl. 327 (2002) and Treas. Reg.

section 301.6402-2(b) for the proposition that the Court lacks jurisdiction over Plaintiff's

"damages" claim because Plaintiff did not include this in its refund claims.  However, Mobil

**Response to United States Motion to Dismiss
Complaint, or,  in the Alternative, Motion to
Dismiss Certain Tax Periods and Request for
Damages**

**Robert V. Boeshaar
Attorney at Law, LL.M., PLLC**
2125 Western Avenue, Suite 330
Seattle, WA  98121
Telephone: (206) 623-0063

Corp. involved a claim that the IRS used an improper method for computing interest and should have used the method referred to as "recomputing the account module," or RAM.  In that case, the Court lacked jurisdiction over the claim because the Plaintiff failed to give the IRS timely notice of "the nature of the claim."  Mobil Corp.'s claim did not include the IRS' alleged failure to recompute the account module (the RAM method) when it calculated the deficiency interest plaintiff owed.   In this case, Internal Revenue Code 6611 provides that Plaintiff's claim for interest is implied and included in its refund claims.  26 U.S.C. § 6611.

Accordingly, if the Court finds that Plaintiff is entitled to the refunds requested, any interest that has accrued on the refunds up until the date the Internal Revenue Service issues the Employee Retention Credit refunds should be awarded to Plaintiff.

### IV.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and allow this case to proceed.

Respectfully submitted on February 13, 2025.

By: */s/ Robert V. Boeshaar*
ROBERT V. BOESHAAR #25900
Robert V. Boeshaar, Attorney at Law, LL.M., PLLC
2125 Western Avenue, Suite 330
Seattle, Washington  98121
Tel: (206) 623-0063
Fax: (206) 382-0177
boeshaar@boeshaarlaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participant(s):

Jeremy N. Hendon (Jeremy.Hendon@usdoj.gov)
Trial Attorney, Tax Division, U.S. Department of Justice

*Attorney for Defendant*

*/s/ Robert V. Boeshaar*
Robert V. Boeshaar, Attorney at Law, LL.M., PLLC

**Response to United States Motion to Dismiss Complaint, or, in the Alternative, Motion to Dismiss Certain Tax Periods and Request for Damages**

7

**Robert V. Boeshaar
Attorney at Law, LL.M., PLLC**
2125 Western Avenue, Suite 330
Seattle, WA  98121
Telephone: (206) 623-0063