The Honorable John H. Chun

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RECEIVERSHIP ESTATE OF SOLSTICE GROUP, INC. AND SOLSTICE HOLDINGS, INC. C/O TURNING POINTE, LLC, RECEIVER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:24-cv-01522-JHC

**REPLY TO RESPONSE TO UNITED STATES' MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, PARTIAL MOTION TO DISMISS CERTAIN TAX PERIODS AND REQUEST FOR DAMAGES**

**Note on Motions Calendar: February 21, 2025**

## INTRODUCTION

Plaintiff's response to the United States' Motion to Dismiss ("Motion") argues for exceptions to the clear points of law raised in the Motion that require dismissal of Plaintiff's claims, but none of Plaintiff's alleged exceptions are applicable. First, Plaintiff's Form 941-X for the fourth quarter of 2020 does not meet the requirements to be considered an informal claim for refund for the second and third quarters of 2020. It does not state, nor otherwise provide the IRS with notice, that Plaintiff was claiming a refund for those quarters as opposed to just a refund for the fourth quarter of 2020. And it does not describe the legal and factual basis for the requested refund *for those quarters*. Further, even if it is considered to be a valid informal claim for refund, Plaintiff has not formalized such informal claim by remedying the defects in it, which the informal claim doctrine requires.



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

And second, Plaintiff does not respond to the substance of the United States' arguments that the plain language and legislative history of 26 U.S.C. § 280E bars it from receiving, as the court-appointed receiver of Solstice Group, Inc. ("Taxpayer") and Solstice Holdings, Inc., any Employee Retention Credit ("ERC") under section 2301 of the Coronovirus Aid, Relief, and Economic Security Act ("CARES Act") and 26 U.S.C. § 3134, which is the basis for Plaintiff's claims for refund. Instead, Plaintiff's response is based on its unsupported belief that section 280E should not apply because of that provision's location within the Internal Revenue Code and that as a state-appointed receivership, it is attempting to recover the ERCs to apply "for the benefit of Solstice's creditors" and thus it is not a situation where the ERCs are sought by the cannabis business such that section 280E would apply. Neither of these arguments are supported by law and both fly in the face of the clear statutory language and legislative purpose of section 280E to prevent taxpayers such as Taxpayer, a trade or business trafficking in controlled substances which are prohibited by Federal law, from receiving any tax credit.

Last, Plaintiff concedes it is not making any separate claim for damages or any claim for interest beyond statutory accruals.

In sum, Plaintiff offers no compelling defense to the United States' arguments that this case should be dismissed with prejudice.

## ARGUMENT

### I. The Court Should Dismiss Plaintiff's Refund Claims in Full.

#### A. Plaintiff's Form 941-X for the Fourth Quarter of 2020 is Not a Valid Informal Claim for Refund for the Second and Third Quarters of 2020.

The Motion explained the requirements for a valid refund claim and pointed out how Plaintiff had admitted, in the complaint, that it did not file with the IRS a separate refund claim, or Form 941-X, for the second and third quarters of 2020 (instead just including the amounts it seeks for those two periods into the Form 941-X for the fourth quarter of 2020) and how that admission means Plaintiff cannot establish refund claims were "duly filed" for those periods. (Dkt. 13 at 5-7). Plaintiff does not dispute these facts or legal requirements. (Dkt. 15 at 2).



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

However, Plaintiff contends that its Form 941-X for the fourth quarter of 2020, attached to its response as Exhibit 1, meets the requirements to be considered an informal claim for refund. Plaintiff is wrong.

Plaintiff correctly identifies that an informal refund claim must: (1) provide notice to the IRS that the taxpayer is claiming a right to a refund; (2) describe the factual and legal bases for the requested refund; and (3) have a "written component." *Duggan v. United States*, No. 2:16-CV-0034-SMJ, 2017 WL 1088088, at *3 (E.D. Wash. March 22, 2017) (citing *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (1995)); *see also Libitzky v. United States*, No. 18-CV-00792-JD, 2023 WL 2344210, at *7-*8 (N.D. Cal. Mar. 2, 2023), *aff'd on other grounds*, 110 F.4th 1166 (9th Cir. 2024) (laying out informal claim doctrine). However, "it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund." *Angelus Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293, 299 (1945). And "each case must be determined based on its own unique set of facts." *Duggan*, 2017 WL 1088088, at *3. Plaintiff's Form 941-X for the fourth quarter of 2020, however, does not meet these requirements.

Nowhere in the document is there any request for a refund of any quarter other than the fourth quarter of 2020. (Dkt. 15-1). On the first page, Plaintiff checked only the box for the fourth quarter. (*Id*. at 1). On each successive page at the top right corner, the "correcting quarter" is only identified as "4." (*Id*. at 2-5). And on the last page in "Part 4" where Plaintiff could have added any language it wished, there is no mention that the Form 941-X was requesting a refund of the second and third quarters. (*Id*. at 5). Nor does the claim anywhere break down different amounts sought for the three tax periods. *Id*. This is different than the informal claim in *Leeke v. United States*, 737 F Supp. 1013 (S.D. Ohio 1990), relied upon by Plaintiff, where although the refund claim there covered multiple tax periods, it also included an attachment that listed all the separate tax periods covered by the form. 737 F. Supp. at 1016-17. Here, there was no such notice of multiple periods included in the claim given to the IRS. Thus, the Form 941-X fails the first requirement as it does not provide notice to the IRS that Plaintiff is claiming a right to a



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

refund for the second and third quarters of 2020. *See, e.g., Libitzky*, 2023 WL 2344210, at *8 (explaining that written submissions with lump sum figures that nowhere stated specific amount sought for specific period were not adequate informal claims); *Anderson v. United States*, 220 F. App'x 479, 481 (9th Cir. 2007)[1] (finding letter that "did not include any information about the tax years, tax amount, or any reason that the taxes were not proper" was not a valid informal claim).

Similarly, the document also does not describe the legal and factual bases for any purported requested refund for the second and third quarters of 2020. It only provides a basis for the requested refund for the fourth quarter of 2020 in "Part 4." (Dkt. 15 at 5). For these reasons, Plaintiff's Form 941-X fails the second requirement as well. *Anderson*, 220 F. App'x 479 at 481.

### B. Plaintiff Has Not Remedied the Defects of the Purported Informal Refund Claim.

Even if the Court determines that the Form 941-X for the fourth quarter of 2020 constitutes an informal refund claim for the second and third quarters of 2020, the Court still should dismiss Plaintiff's refund claim for those two quarters. If an informal refund claim exists, a taxpayer must still remedy the defective informal refund claim before it can become a valid refund claim. *Comm'r v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006), *superseded by statute as stated in Christensen v. Comm'r*, 523 F.3d 957 (9th Cir. 2008); *see also United States v. Kales*, 314 U.S. 186, 194 (1941); *Duggan*, 2017 WL 1088088 at *3.

Here, even if the Court finds that an informal refund claim exists, Plaintiff admittedly has taken no steps to formalize it. Therefore, Plaintiff cannot establish a refund claim was "duly filed" for those periods. *See* 26 C.F.R. § 301.6402-2(d); *see also Clift v. United States Internal Revenue Serv.*, 214 F. Supp. 3d 1009, 1014 (W.D. Wash. 2016) (noting that plaintiff bears the burden of showing that refund jurisdiction exists, which requires administrative claims for refund for each separate tax period at issue in accordance with the regulations). Thus, the Court lacks

---

[1] The Court may consider this unpublished decision under Fed. R. App. P. 32.1(a) because it was issued after January 1, 2007.



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

jurisdiction to consider any claim for these two quarters. *See Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985).[2] Accordingly, the Court should dismiss Plaintiff's claim for refund regarding the second and third quarters of 2020 under Rule 12(b)(1).

**C. The Location of Section 280E in the Code Does Not Override the Clear Language and Purpose of Section 280E, Which Demonstrates That Congress Has Exempted Taxpayer from Entitlement to Any Tax Credits.**

The ERC, a tax credit, is a matter of legislative grace and should only be allowed when there is a clear provision providing for it. *Hokanson v. Comm'r*, 730 F.2d 1245, 1250 (9th Cir. 1984); *see also Little Sand Coal Co. v. Comm'r*, 62 F.4th 287, 301 (7th Cir. 2023); *United States v. McFerrin*, 570 F.3d 672, 675 (5th Cir. 2009). Further, because the ERC is a tax credit, Plaintiff bears the burden of showing entitlement to it. *Little Sand Coal Co.*, 62 F.4th at 301 (citing *Interstate Transit Lines v. Comm'r*, 319 U.S. 590, 593 (1943)). Plaintiff has failed to do so.

The Motion explained that although there is no restriction in section 3134 itself or the CARES Act excluding Taxpayer from trying to qualify for entitlement to the ERC, 26 U.S.C. § 280E does include such a restriction. (Dkt. 13 at 7). It noted that one should look to the plain language of the statute and that the plain language of section 280E makes clear that the ERC is not available to a taxpayer whose trade or business consists of trafficking in a controlled substance within the meaning of the Controlled Substances Act, like Taxpayer's marijuana and cannabis business. (*Id*. at 7-8). It further pointed out that even if one were to resort to the legislative history of section 280E, it establishes that Congress identified a public policy reason for not allowing tax deductions or credits for businesses engaging in illegal drug trafficking, which confirms the plain language of the statute and explains the policy behind it. (*Id*. at 9). It

---

[2] And to the extent Plaintiff contends that there is jurisdiction notwithstanding its failure to formalize the purported informal claim for refund, Plaintiff is wrong. Plaintiff has not alleged (nor is there evidence to establish) that the IRS waived the formal requirements in the regulations for valid refund claims and instead accepted and acted upon the informal claim notwithstanding its deficiencies. *See Angelus Milling Co.*, 325 U.S. at 296; *see also Kales*, 314 U.S. at 194.



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

further noted that allowing Plaintiff to recover the ERCs it claims for Taxpayer would require the government to subsidize a business engaged in the trafficking of a controlled substance, which is diametrically opposed to what the legislative history of section 280E contemplated. (*Id.*). Finally, it identified caselaw stating that Congress is presumed to know existing law pertinent to any new law it enacts and noted that if Congress wanted taxpayers such as Taxpayer to be able to claim the ERC when it enacted the CARES Act and subsequent legislation, it could have expressly said that section 280E does not apply, and the fact that it did not is telling. (*Id.* at 10).

Plaintiff ignores these arguments in the response and instead argues that section 280E does not apply because of its location in the Internal Revenue Code. (Dkt. 15 at 3-4). More specifically, Plaintiff contends that since section 280E is "part of Subtitle A of the Internal Revenue Code relating to Income Taxes" and "Subtitle C of the Internal Revenue Code governs Employment Tax and the Collection of Income Tax," section 280E does not apply to ERCs. (*Id.* at 4). Plaintiff's argument ignores the plain language of section 280E which clearly provides that "*[n]o deduction or credit* shall be allowed" pertaining to a trade or business trafficking in controlled substances which are prohibited by Federal law. *See* 26 U.S.C. § 280E (emphasis added). Although section 280E is in Subtitle A, Chapter 1, Subchapter B, Part IX of the Internal Revenue Code and that part starts with section 261, which provides that "[i]n computing taxable income no deduction shall in any case be allowed in respect of the items specified in this part," there is no limiting language in section 280E that says or even hints that it only applies to income tax credits (which are not used to compute taxable income) or is limited only to Subtitle A of the Code. Congress knows how to limit the application of a Code section to a specific subtitle and does so repeatedly throughout the Internal Revenue Code. *See, e.g.,* 26 U.S.C. §§ 62(a) (limiting adjusted gross income definition to subtitle A), 63(a) (same for taxable income), 64 (same for ordinary income), 65 (same for ordinary loss), 111(d) (providing allowances only for amounts in subtitle A in connection with special rules for accumulated earnings and personal holding company tax), 501(c)(25)(E)(iii) (relating to rules for conversions of qualified subsidiary



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

corporations in the context of tax exempt organization rules). The absence of any such limitation in section 280E should end the inquiry.

But even if the statute were ambiguous, the legislative history similarly does not include any language or indication that Congress intended section 280E to apply only to income taxes or Subtitle A. To the contrary, it clearly shows that Congress did not intend for taxpayer businesses trafficking in controlled substances which are prohibited by Federal law to receive any tax credits or deductions. S. Rpt. 97-494 (Vol. 1), at 309 (1982), reprinted in 1982 U.S.C.C.A.N. 781, 1050 (1982).

The only support Plaintiff provides for his argument is a Tax Court memorandum opinion (*Veterinary Surgical Consultants, P.C. v. Comm'r*, T.C. Memo 2003-48) which is distinguishable on the facts and does not support the larger argument Plaintiff is trying to make. (Dkt. 15 at 4). In that case, the taxpayer entity was a pass-through S corporation, and one individual was its sole shareholder, owner, officer, and the only person providing services to the taxpayer entity. *Id*. at *1. The issue in the case was whether that individual was an employee for federal employment tax purposes. *Id*. The taxpayer argued that S corporation shareholders, like its individual owner, should not be deemed employees for federal employment taxes based on three tax statutes: 26 U.S.C. §§ 1366, 1372, and 6037. *Id*. at 5. The Tax Court noted that sections 1366 and 6037 pertain to the calculation of income tax liability under Subtitle A, and section 1372 pertains to fringe benefits under Subtitle A, and thus stated that none of them were relevant to the employment tax question before the Court. *Id*.

In addition to the fact that the Tax Court was not making a vast, far-reaching pronouncement regarding statutory interpretation and the placement of certain tax statutes within the Internal Revenue Code, the easier distinction between the issue in *Veterinary Surgical Consultants* and here is that the three statutes at issue there, sections 1366, 1372, and 6037, all had language limiting their application to income tax and Subtitle A, similar to the statutes listed above, whereas section 280E does not include such language limiting its application to just income tax, Subtitle A, or any part of the Code. Section 1366(a) begins "[i]n determining the tax



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

under this chapter," limiting its application to Chapter 1- Normal Taxes and Surtaxes under Subtitle A. *See* Table of Contents, United States Code, Title 26- Internal Revenue Code (showing that section 1366 falls within Subtitle A which includes Chapters 1-6 whereas Subtitle C includes Chapters 21-25). Section 1372 similarly begins by stating that "[f]or purposes of applying the provisions of this subtitle which relate to employee fringe benefits," limiting its application specifically to Subtitle A in which it is found. Finally, section 6037(a) provides that every S corporation shall make a return each taxable year that includes items of gross income "and the deductions allowable by subtitle A." Because these statutes were all limited by their own terms to Subtitle A, it is not surprising that the Tax Court found them inapplicable to an issue controlled by provisions in Subtitle C (relating to employment tax). But that is not the issue here.

Additionally, the baseline rule, set out in 26 U.S.C. § 7806(b), is that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title…." Courts have interpreted this provision to mean that the location or placement of a particular provision in the Internal Revenue Code gives no inference of legislative construction in determining what a tax statute means. *See Nordby Supply Co. v. United States*, 572 F.2d 1377, 1378 (9th Cir. 1978) (noting that under section 7806(b), the title of a statute cannot limit the plain meaning of its text and holding that a statute located in one part of the Code was of "little significance" to deciding the issue); *see also In re Szczyporski*, 34 F.4th 179, 189 (3d Cir. 2022) (noting the fact that "the shared responsibility payment provision is located in a portion of the Internal Revenue Code titled 'Miscellaneous Excise Taxes,' 26 U.S.C. Subtitle D, does not alter our conclusion that the payment is measured by income. Titles within the Internal Revenue Code have no legal effect."); *In re Juv. Shoe Corp. of Am.*, 99 F.3d 898, 901 (8th Cir. 1996) (citing *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 223 (1996); 26 U.S.C. § 7806(b)) ("Although the section is located under Subtitle D, labeled "Miscellaneous Excise Taxes," section 4980 makes no reference to its provision specifically as an "excise tax." We are not



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

guided by the placement of the statute because the placement of a provision in the Internal Revenue Code gives no inference of legislative construction.”). Thus, the fact that section 280E is located in Subtitle A does not alter the statute’s plain language that it is not limited, and its placement there is of “little significance” in deciding if it should not be applied outside of Subtitle A.

Congress is further presumed to know existing law pertinent to any new law it enacts. *See United States v. Merrell*, 37 F.4th 571, 576 (9th Cir. 2022) (citing *United States v. LeCoe,* 936 F.2d 398, 403 (9th Cir. 1991)). Thus, if Congress wanted taxpayers such as Taxpayer to be able to claim the ERC when it enacted the CARES Act and subsequent legislation, it could have expressly said that section 280E does not apply. The fact that it did not do so provides more insight than assuming that the placement of section 280E in the Code has some bearing on its application to situations involving tax credits, no matter which kind of tax is involved.

In sum, Plaintiff’s arguments do not overcome the straightforward result compelled by 26 U.S.C. § 280E: because Plaintiff’s business consists of illegal drug trafficking under federal law, it is not entitled to claim the ERC.

**D. Plaintiff’s Status as Receiver Does Not Compel a Different Result.**

Plaintiff contends the result should be different here because it, as the receiver of Taxpayer, is the one claiming the ERCs to apply to the benefit of Taxpayer’s creditors and not the cannabis business itself seeking the ERCs. There is no support to draw such a distinction. The ERCs are being sought to offset Taxpayer’s employment tax liabilities and it is Taxpayer’s business which Plaintiff is using to obtain the ERCs. Plaintiff cannot have it both ways: using Taxpayer as the avenue by which to obtain the credits (because without the Taxpayer, Plaintiff could not have a basis to argue for them) but then disavowing that the credits are being used to somehow benefit Taxpayer. In fact, the credits would be used first and foremost to eliminate any outstanding employment tax liabilities owed by Taxpayer thus benefitting Taxpayer (and possibly its owners, officers, directors, or certain employees from potential personal liability under 26 U.S.C. § 6672 if Taxpayer has no other assets to pay any outstanding employment



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

taxes). And there can likewise be no distinction between benefiting the Taxpayer vs. the Taxpayer's creditors, who are merely an extension of Taxpayer's business.

Because Taxpayer is not entitled to the ERCs that form the basis of Plaintiff's complaint, the Court should dismiss the balance of the complaint for failing to state a legally cognizable claim under Rule 12(b)(6).

### II. Plaintiff Agrees That It Does Not Seek "Damages"

Plaintiff agrees in its response that it does not seek "damages" under the Internal Revenue Code. (Dkt. 15 at 5-6). The United States agrees that, as is standard with any suit seeking a refund of federal taxes, a taxpayer who prevails in showing that it has overpaid its federal taxes would be entitled to statutory interest. The concern raised in the Motion was that it appeared from the Complaint that Plaintiff was seeking something more than statutory interest. Since Plaintiff has agreed that it is not seeking any damages or amounts beyond statutory interest, that portion of the Motion is resolved.

## CONCLUSION

For these reasons and those discussed in the United States' Motion to Dismiss (Dkt. 13), the Court should dismiss Plaintiff's refund claims in full. First, the Court should dismiss the portion of Plaintiff's singular Cause of Action for a refund pertaining to the second and third quarters of 2020 for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to file valid claims for refund with the IRS for those two periods and has not otherwise filed valid informal claims for refund either. Second, the Court should dismiss the remaining refund claims for failure to state a legally cognizable claim under Rule 12(b)(6) since 26 U.S.C. § 280E precludes Taxpayer from recovering the Employee Retention Credit.

///

///

///

///

///



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466

Dated: February 21, 2025

Respectfully submitted,

*/s/ Jeremy N. Hendon*
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov

*Attorney for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participant(s):

Robert Boeshaar (boeshaar@boeshaarlaw.com)
ROBERT V. BOESHAAR, ATTORNEY AT LAW, LL.M., PLLC

*Attorney for Plaintiff*

*/s/ Jeremy N. Hendon*
JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice



**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-353-2466