UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RECEIVERSHIP ESTATE OF SOLSTICE GROUP, INC.; SOLSTICE HOLDINGS, INC., C/O TURNING POINTE, LLC, RECEIVER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 2:24-cv-01522-JHC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

# I
## INTRODUCTION

This matter comes before the Court on the Government's Motion to Dismiss or, in the Alternative, Partial Motion to Dismiss Certain Tax Periods and Request for Damages. Dkt. # 13. Plaintiff, the court-appointed receiver of Solstice Group, Inc. (Solstice) and Solstice Holdings, Inc., seeks a refund of federal employment taxes under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and 26 U.S.C. § 3134. The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. Being fully advised, the Court GRANTS the motion.

# II
## BACKGROUND

Under Section 2301 of the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), certain employers who paid qualified wages to employees during the coronavirus pandemic became eligible for an employee retention tax credit (ERC). *In re PS On Tap, LLC*, 2025 WL 958579, at *4 (Bankr. C.D. Cal. Mar. 31, 2025). Solstice is a Washington company that "produced and processed cannabis and cannabis-related products and sold its cannabis products primarily through retail stores." Dkt. # 1 at 4, ¶ 10. Because the coronavirus pandemic affected its business, Solstice seeks to claim ERC.

In 2023, Solstice filed a Form 941-X return (an Adjusted Employer's Quarterly Federal Tax Return) for Q4 2020, seeking a total ERC amount for not only Q4 2020, but also for Q2 and Q3 of 2020 (i.e., Solstice did not file separate Form 941-X returns for Q2 and Q3 of 2020). *Id.* at 7–8, ¶ 21. Solstice also filed separate Form 941-X returns for Q1 2021, Q2 2021, and Q3 2021, similarly seeking ERC for these periods. *Id.* Solstice claims a total of $1,373,503.34 in ERC. *Id.* at 8, ¶ 22. On July 16, 2024, the Internal Revenue Service (IRS) denied Solstice's ERC claim for Q3 2021. *Id.* at 8, ¶ 23. The IRS has not yet made a determination as to Solstice's ERC claims for the other quarters. *Id.* at 9, ¶ 33.

# III
## DISCUSSION

The Government moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes all well-pleaded factual allegations as true and determines whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 2

grant leave to amend a dismissed claim when it is possible that the claim can be cured with additional factual allegations. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).

A.      Refund Claim for the Second and Third Quarters of 2020

To bring suit for recovery of "any sum alleged to have been excessive or in any manner wrongfully collected," a plaintiff must file "a claim for refund or credit" with the Secretary of the Treasury. 26 U.S.C. § 7422(a); *see also Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007) ("If a person neglects to file an administrative claim as required by § 7422(a) . . . the district court is necessarily divested of jurisdiction over the action."). Plaintiff contends that although Solstice did not file separate refund claims for Q2 and Q3 of 2020, that the Court nonetheless has jurisdiction because Solstice filed valid informal claims for tax refunds. An informal claim, which is determined on a case-by-case basis, has three general components: "(1) it must provide the IRS with notice that the taxpayer is claiming a right to a refund; (2) it must describe the legal and factual basis for the requested refund; and (3) it must have a 'written component.'" *Duggan v. United States*, 2017 WL 1088088, at *3 (E.D. Wash. Mar. 22, 2017) (quoting *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (1995)). "Even if a party files an informal claim, a formal claim remedying any defects in the informal claim must follow." *Id.*

Solstice's Form 941-X for Q4 2020 does not contain informal claims for Q2 and Q3 of 2020. Solstice seeks $317,920.28 for Q4 2020, which includes ERC claims of $170,549.26 for Q2 of 2020, $66,412.17 for Q3 of 2020, and $80,958.86 for Q4 of 2020. Dkt. # 1 at 8, ¶ 22. But in its Form 941-X for Q4 2020, Solstice only checked the box for Q4 of 2020 and did not break down the ERC claim amounts for Q2 and Q3 of 2020. *See* Dkt. # 15-1; *Anderson v. United States*, 220 F. App'x 479, 481 (9th Cir. 2007) (no informal claim where a letter "did not include

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 3

1  any information about the tax years [or] tax amount."). And in any event, Plaintiff does not

2  allege that Solstice filed a formal claim remedying defects in its Form 941-X for Q4 2020.

3  Thus, the Court dismisses Plaintiff's refund claims for Q2 and Q3 of 2020 without

4  prejudice for lack of subject matter jurisdiction.

5  B.    Internal Revenue Code Section 230E

6  Plaintiff does not state a claim as to its remaining refund claims because Congress has

7  provided that "[n]o deduction or credit shall be allowed" for amounts related to businesses

8  "trafficking in controlled substances (within the meaning of schedule I and II of the Controlled

9  Substances Act)." 26 U.S.C. § 280E. Plaintiff does not dispute that Section 280E would apply

10 to Solstice, which was a cannabis business. *Olive v. Comm'r*, 792 F.3d 1146, 1148 (9th Cir.

11 2015) ("[T]he use and sale of marijuana remain prohibited under federal law." (citing 21 U.S.C.

12 § 812(c))). It contends, however, that Section 280E does not apply because it is part of Subtitle

13 A of the Internal Revenue Code, which concerns income, rather than employment, taxes.

14 But 26 U.S.C. § 7806(b) provides, "No inference, implication, or presumption of

15 legislative construction shall be drawn or made by reason of the location or grouping of any

16 particular section or provision or portion of this title." Nothing in the plain text of Section 280E

17 limits its application to income tax credits. And other provisions in the Internal Revenue Code

18 expressly limit application of its sections to specific subtitles. *See e.g.*, 26 U.S.C. § 62(a)

19 (defining adjusted gross income "[f]or purposes of this subtitle"). That Congress did not so limit

20 Section 280E suggests that it applies to preclude the ERC here.

21 Plaintiff relies on *Veterinary Surgical Consultants, P.C. v. Comm'r*, T.C. Memo 2003-48,

22 but it is not on point. In that case, the taxpayer was an S corporation run by an individual who

23 was its sole shareholder and person providing services to it. *Id.* at *1. The issue was whether the

24 individual was an employee under federal tax law. *Id.* The taxpayer asserted that the individual

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 4

is not an "employee" for purposes of federal employment tax law and cited 26 U.S.C.§§ 1366, 1372, 6037. *Id.* at *5. The Tax Court held that these statutes were irrelevant because each statute's application is limited to Subtitle A. *Id.* This case undermines, rather than supports, Plaintiff's position because unlike Section 280E, these three statutes have express language limiting their application to Subtitle A.[1]

Finally, Plaintiff asserts that because Solstice is in receivership, Section 280E does not apply because the ERC would benefit its creditors rather than provide a tax credit to an operating cannabis business. But because a "tax credit is purely a matter of legislative grace," deductions "do not turn on equitable considerations" and are only allowed when there is a clear provision. *Hokanson v. Comm'r*, 730 F.2d 1245, 1250 (9th Cir. 1984); *accord Little Sandy Coal Co., Inc. v. Comm'r of Internal Revenue*, 62 F.4th 287, 301 (7th Cir. 2023). Because Plaintiff cites no authority to support his assertion, the Court rejects it.

Thus, the Court dismisses Plaintiff's remaining refund claims with prejudice.

## IV
### CONCLUSION

For these reasons, the Court GRANTS Defendant's motion to dismiss. The Court DISMISSES Plaintiff's refund claims for Q2 and Q3 of 2020 without prejudice for lack of subject matter jurisdiction. The Court DISMISSES Plaintiff's remaining refund claims with prejudice because the Court concludes that granting Plaintiff leave to amend its complaint would be futile.

//

---

[1] 26 U.S.C.§ 1366(a)(1) ("In determining the tax under this chapter. . ."); 26 U.S.C.§ 1372(a) ("For purposes of applying the provisions of this subtitle which relate to employee fringe benefits. . ."); 26 U.S.C.§ 6037(a) ("Every S corporation shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A . . .").

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 5

Dated this 9th day of May, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 6